(December 21, 1999)

■ In the Matter of CHARLES H. ESSEPIAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [700 NYS2d 506] —Per Curiam. Respondent was admitted to practice by this Court in 1990. In addition to maintaining a law office in Latham he is employed full time as an Administrative Law Judge by the Unemployment Insurance Appeal Board.

In about 1990, respondent became reacquainted with a longtime friend and patient of his father, a Latham dentist. Over the ensuing years, he provided this elderly and infirm woman with legal services, friendship, and help with daily activities, such as grocery shopping and medical care appointments. She granted him power of attorney, appointed him executor of her estate, and added him as signatory to her bank accounts. At the time of her death in 1999, she was in her late 80's.

Unfortunately, and apparently partly as a result of this personal relationship, some of the legal services provided by respondent were violative of this Court's disciplinary rules governing neglect of legal matters, conduct prejudicial to the administration of justice, failing to act competently and failing to maintain records to preserve the identity of funds, not amounting to conversion.

Respondent has an unblemished disciplinary record and, based on the numerous character affidavits submitted on his behalf, appears to have an excellent reputation for honesty, professionalism and moral character.

On this record, we find that the evidence presented establishes that respondent is guilty of the professional misconduct

charged and specified in charge II, specification (2) (but only to the extent the charge alleges violation of Code of Professional Responsibility DR 1-102 [a] [5], [8] [now (7)]; DR 6-101 [a] [3] [22 NYCRR 1200.3 (a) (5), (7); 1200.30 (a) (3)]), charge III, charge IV (but only to the extent the charge alleges violation of DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and charge V. Under the circumstances presented, we conclude that respondent should be censured. The motions to affirm and disaffirm the Referee's report are granted and denied in accordance with the above findings.

Peters, J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in charge II, specification (2) (but only to the extent the charge alleges violation of Code of Professional Responsibility DR 1-102 [a] [5], [8] [now (7)]; DR 6-101 [a] [3] [22 NYCRR 1200.3 (a) (5), (7); 1200.30 (a) (3)]), charge III, charge IV (but only to the extent the charge alleges violation of DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and charge V; the petition is otherwise dismissed; and it is further ordered that the motions to affirm and disaffirm the Referee's report are granted and denied in accordance with the findings of this memorandum and order; and it is further ordered that respondent is censured.